UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>  )<br>  v.  )<br>  )<br>ROBERT RENNER, A.K.A. "MIKE," )<br>  Defendant.  ) | Docket No. 2:21-mj-00101 |

MOTION FOR DETENTION

The United States of America moves for pretrial detention of the above-named defendant pursuant to 18 U.S.C. § 3142(e) and (f).

1. <u>Eligibility for Detention</u>.  This defendant is eligible for detention because the case charges a felony involving possession of a firearm *See* 18 U.S.C. § 3142(f)(1)(E).

2. <u>Reason For Detention</u>.  The Court should detain the defendant because there are no conditions of release that will reasonably assure the defendant's appearance as required or the safety of the community.  Turning to the factors under 18 U.S.C. § 3142(g), the nature and circumstances of the crime charged weigh in favor of detention. The complaint affidavit states that Renner was conducting business at the intersection of drugs and firearms, one of the most dangerous circumstances in Vermont. The complaint affidavit outlines a compelling case against Renner. He was caught red-handed and admitted the charged violation. Indeed, he admitted other serious crimes, including drug trafficking and trading drugs for firearms. Renner's history and characteristics also counsel for detention. The defendant has no substantial ties to Vermont. He appears to have been unemployed, supporting himself by criminal conduct. He has various felony convictions and has been sentenced to substantial prison sentences. Finally, it appears that Renner was an active user and dealer in methamphetamine, a highly addictive controlled

substance. Active users who are not successful with drug treatment frequently turn back to drug using and dealing while on supervision.

    3.  <u>Rebuttable Presumption</u>.  The United States will not invoke the rebuttable presumption against the defendant under § 3142(e).

    4.  <u>Time For Detention Hearing</u>.  The United States will decide on its position about the need for the statutory three-day continuance mandated by 18 U.S.C. § 3142(f) after reviewing the pretrial services report, which has not been received.

Dated at Burlington, in the District of Vermont, this 15th day of October, 2021.

                                              Respectfully submitted,

                                              UNITED STATES OF AMERICA

                                              JONATHAN A. OPHARDT
                                              Acting United States Attorney

By:    */s/ Paul J. Van de Graaf*
        PAUL J. VAN DE GRAAF
        Assistant United States Attorney
        Burlington, VT 05402-0570
        (802) 951-6725
        paul.van.de.graaf@usdoj.gov